IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


BILLY T. GREER                                                    PLAINTIFF

VS.                             CIVIL ACTION NO. 5:09-cv-20(DCB)(JMR)

ARMSTRONG WORLD INDUSTRIES, INC.
AND DAVID RITTGER, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY                                     DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendants Armstrong World Industries, Inc. ("Armstrong") and David Rittger ("Rittger")'s motion for partial judgment on the pleadings **(docket entry 7)**. Having carefully considered the motion and response, the memoranda and all documents submitted, as well as the applicable law, the Court finds as follows:

The complaint in this action charges the defendants with unlawful employment practices as well as, inter alia, intentional infliction of emotional distress and tortious breach of contract. In the present motion, the defendants seek partial judgment on the pleadings based on the following: (1) defendant Rittger cannot be liable for claims of age discrimination, gender discrimination, and retaliation since he is not an "employer" under Title VII or the ADEA; (2) the plaintiff's state law claims for intentional infliction of emotional distress and tortious breach of contract are barred by the statute of limitations; and (3) the plaintiff's claims for violations of federal employment law and the common law

in Count V fail to state a claim upon which relief may be granted and/or are barred by the statute of limitations.

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Id. (internal quotations omitted). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations and footnote omitted).

"The Fifth Circuit Court of Appeals has consistently held that Title VII provides no basis for individual liability for employees." Windham v. Cardinal Health, Inc., 2006 WL 51185 * 7 (S.D. Miss. 2006)(citations omitted). The plaintiff offers no legal or factual support for his claim that defendant Rittger can be liable to him under Title VII or the ADEA. All claims against defendant Rittger pursuant to Title VII and the ADEA shall therefore be dismissed.

The defendants raise a statute of limitations defense to the plaintiff's state law claims for tortious breach of contract and

intentional infliction of emotional distress.  The limitations period for both claims under Mississippi law is one year.  Miss. Code Ann. § 15-1-35; <u>Bellum v. PCE Constructors, Inc.</u>, 407 F.3d 734, 741 (5th Cir. 2005); <u>City of Mound Bayou v. Johnson</u>, 562 So.2d 1212, 1218 (Miss. 1990).  The plaintiff offers no argument against dismissal of his tortious breach of contract claim.  As for intentional infliction of emotional distress, Greer claims that this was a "continuing tort," thus the statute of limitations did not begin to run until the date of last injury.  Greer filed his suit on February 23, 2009.  He acknowledges that he was terminated from his employment on February 15, 2008, and offers no legal or factual basis for finding that any injury occurred after he was terminated.  His tortious breach of contract and intentional infliction of emotional distress claims shall therefore be dismissed as barred by the statute of limitations.

The defendants seek dismissal of Greer's claim that the defendants made his "working conditions so intolerable that he would be compelled to resign" in "violation of federal employment law and the common law."  To the extent that this claim alleges a cause of action against Armstrong for violations of Title VII and/or the ADEA, it will not be dismissed.  To the extent it alleges a claim against Rittger on the same basis it will be dismissed for the reasons previously stated.  Finally, to the extent the plaintiff is asserting a "common law" claim for the

alleged conduct, this is a tort claim for intentional conduct barred by the statute of limitations, Miss. Code Ann. § 15-1-35. See <u>Southern v. Mississippi State Hosp.</u>, 853 So.2d 1212, 1214 (Miss. 2003). Accordingly,

IT IS HEREBY ORDERED that the defendants Armstrong World Industries, Inc., and David Rittger's motion for partial judgment on the pleadings **(docket entry 7)** is GRANTED IN PART AND DENIED IN PART as follows:

GRANTED as to all Title VII and ADEA claims against defendant Rittger;

GRANTED as to state law claims for tortious breach of contract and intentional infliction of emotional distress against both defendants;

GRANTED as to state law claims for intentional torts regarding intolerable working conditions against both defendants;

GRANTED as to Title VII and ADEA claims regarding intolerable working conditions against defendant Rittger;

DENIED as to Title VII and ADEA claims regarding intolerable working conditions against defendant Armstrong.

SO ORDERED, this the 24th day of March, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE